# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MELVIN HURN, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:19CV2489 SPM |
| | ) | |
| LAURENT JAVOIS, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of petitioner Melvin Hurn's petition writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below, the Court will dismiss the petition without prejudice for failure to exhaust his state court remedies.

## Background

The following information is drawn from the instant petition, and from independent review of petitioner's state court proceedings on Missouri Case.net, the State of Missouri's online docketing system, as well as petitioner's original habeas petition filed in this Court.

Petitioner alleges that in 1980, he plead guilty by mental disease or defect ("NGRI") to armed robbery and carrying a concealed weapon. The state accepted petitioner's plea and, pursuant to Missouri Revised Statute § 552.030, the Missouri State Court ordered petitioner committed to the custody of the Director of the Missouri Department of Mental Health.

Although the record is not entirely clear, it appears that in 1987, petitioner was released from the Department of Mental Health on a conditional release and got into a "domestic fight" with his brother. Petitioner states that both he and his brother called the police regarding the fight

and the police chose to "lock [him] up." Petitioner states that "the confederates told [him] if he filed anything they would make it hard for [him]"

In the instant petition, petitioner asks this Court to order his release.

## Discussion

Petitioner obviously seeks to challenge his current state custody pursuant to a civil commitment. However, the petition is subject to dismissal due to petitioner's failure to exhaust his available state remedies. Title 28 U.S.C. § 2254(b)(1)(A) prohibits a grant of habeas relief on behalf of a person in state custody unless that person has "exhausted the remedies available in the courts of the State." The exhaustion requirement applies with equal force when a habeas petitioner seeks to challenge state custody pursuant to a civil commitment. *See Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009).

"To satisfy the exhaustion requirement, a person confined in a Missouri State Hospital must apply for release under section 552.040 before filing a petition for a writ of habeas corpus," and if that application is denied, the confined person must appeal to the Missouri Court of Appeals. *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir.1991) (internal citation omitted). Here, petitioner does not allege, nor does independent inquiry reveal, that he applied for release, much less that he appealed the denial of such an application to the Missouri Court of Appeals. The Court therefore concludes that petitioner has failed to exhaust his state court remedies, and that the instant petition should therefore be dismissed.

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir.1997). A substantial showing is a showing that

issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Petitioner has made no such showing here, and the Court will therefore not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus [Doc. #1] is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that petitioner's request for appointment of counsel is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 10th day of September, 2019.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE